IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

MARTIN ALVAREZ,  )
  )
    Petitioner,  )
  )
v.  ) CV 312-103
  )
WALT WELLS, Warden, and BUREAU  )
OF PRISONS (BOP) DIRECTOR,  )
  )
    Respondents.  )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brought the captioned petition under 28 U.S.C. § 2241. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.[1]

## I. BACKGROUND

Petitioner was convicted in the United States District Court for the District of South Carolina of one count of Use of a Communication Facility in Causing or Facilitating the Commission of a Felony, in violation of 21 U.S.C. § 843(b). (Doc. no. 1, pp. 2, 35.) On January 10, 2012, he was sentenced to forty-eight (48) months of imprisonment and one year of supervised release. (Id. at 36-37.)

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the government to respond to the instant petition. 28 U.S.C. § 2243.

Petitioner has provided a form entitled "Imprisonment" that specifies the terms of his sentence in connection with the January 10, 2012 judgment against him. (Id. at 36.) In addition to so specifying, the form also shows that the sentencing judge recommended to the BOP that "the defendant receive substance abuse treatment while incarcerated." (Id.) Petitioner has also provided a series of administrative remedy requests that he submitted while incarcerated at MCF – apparently included in order to demonstrate his compliance with the exhaustion requirement (see id. at 14) – all of which concern Petitioner's repeated requests to be transferred to a BOP facility where he will be able to participate in the Residential Drug Abuse Program ("RDAP"). (Id. at 21-33.)

Based on that recommendation by the sentencing judge, Petitioner asks the Court "to grant an order to immediately [transfer Petitioner] to a Camp or Low Correctional Facility at the [BOP]" so that he may "participate in the 500 Hour Drug Program (RDAP) program jurisdictionally supported by the Statute, and recommended by the court." (Id. at 20.) Petitioner asserts that the relief requested is appropriate in light of the Supreme Court's decision in Tapia v. United States, 564 U.S. ___, 131 S. Ct. 2382 (2011). (Id. at 15-16, 18-20.)

## II. DISCUSSION

First, and most importantly, the Court notes that the instant petition fails to challenge the fact or duration of Petitioner's confinement. Instead, his challenge rests on the argument that he should be transferred to a different facility and allowed access to the RDAP. The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249

(5th Cir. 1979), revised by 596 F.2d 658 (5th Cir. 1979). "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id. To the extent that a petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.2d 320, 323 (5th Cir. 1982).

The factual allegations raised in the instant petition challenge the conditions, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), but do not state cognizable grounds for relief in a § 2241 petition.[2] In fact, the Honorable Dudley H. Bowen, Jr., United States District Judge, who is also the presiding judge in this case, has repeatedly dismissed petitions asserting similar or identical grounds. See Fellove v. Wells, CV 312-002, doc. nos. 5, 8 (S.D. Ga. May 9, 2012) (holding that petitioner failed to state a viable claim under § 2241 where he requested transfer to a BOP facility at which he would be able to participate in the 500-hour RDAP program as recommended by the sentencing court) (hereinafter "CV 312-002"); see also Fellove v. Federal Bureau of Prisons, CV 310-058, doc. nos. 3, 8 (S.D. Ga. Nov. 30, 2010) (holding that petitioner's claim that he was denied access to the RDAP improperly challenged the conditions of his confinement and thus failed to state a claim under § 2241). Moreover, the Eleventh Circuit recently denied the petitioner's attempt to proceed *in forma*

---

[2] Even if Petitioner had filed under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), he still might not be entitled to relief in federal court. See Minneci v. Pollard, 565 U.S. ___, 132 S. Ct. 617, 620 (2012) (holding that prisoners in a private federal facility are not entitled to Bivens relief when adequate state remedies are available); Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008) (same).

3

*pauperis* on appeal in Fellove v. Wells, holding that the appeal was frivolous in that "such a claim is not properly cognizable in a § 2241 petition, as it does not relate to the fact or duration of [petitioner's] confinement," and that, additionally, "contrary to [petitioner's] assertions, Tapia does not support his request for relief." See CV 312-002, doc. no. 15. Accordingly, the petition should be dismissed for failure to allege grounds upon which § 2241 relief may be granted.

Additionally, the Court notes that federal prisoners do not possess a constitutional right to be placed, or not to be placed, in a particular prison facility with particular amenities. McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976). Nor do they have constitutional liberty interest in rehabilitative programs. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Therefore, to the extent that Petitioner alleges a violation of his due process rights with respect to eligibility for early release, access to a substance abuse treatment program, or transferal to a different detention facility, his petition is therefore deficient in that it fails to set forth any constitutionally recognizable liberty interest. See McKune, 536 U.S. at 39; Meachum, 427 U.S. at 225; Moody, 429 U.S. at 88 n.9; Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998).

Finally, the Court notes that, while sentencing judges are free to make recommendations as to a federal prisoner's place of designation and participation in rehabilitative programs, it is the BOP, not the sentencing judge, who has the final say on these matters. See 18 U.S.C. § 3621(b), (e)-(f). Indeed, Tapia v. United States, the Supreme Court decision upon which Petitioner mistakenly seeks to rely, affirmed this principle:

> If Congress had . . . meant to allow courts to base prison terms on offenders' rehabilitative needs, it would have given courts the capacity to ensure that offenders participate in prison correctional programs. But in fact, courts do not have this authority. When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over "the place of the prisoner's imprisonment," § 3621(b), and the treatment programs (if any) in which he may participate, §§ 3621(e), (f); § 3624(f). See also 28 C.F.R. pt. 544 (2010) (BOP regulations for administering inmate educational, recreational, and vocational programs); 28 C.F.R. pt. 550, subpart F (drug abuse treatment programs). A sentencing court can recommend that the BOP place an offender in a particular facility or program. See § 3582(a). But decisionmaking authority rests with the BOP.

131 S. Ct. at 2390-91. Moreover, because the Supreme Court held in Tapia that a sentencing judge may not impose or lengthen a prison term to foster a defendant's rehabilitation, see id. at 2385, that decision provides no basis for granting the relief sought in the instant § 2241 petition.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the Director of the BOP be **DISMISSED** from this case, that the petition filed pursuant to § 2241 be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2ND day of January, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5