# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2013 JAN 28  AM 11: 43

DUBLIN DIVISION

CLERK _____
SO. DIST. OF GA.

MARTIN ALVAREZ,                    )
                                   )
        Petitioner,                )
                                   )
    v.                             )        CV 312-103
                                   )
WALT WELLS, Warden, and BUREAU     )
OF PRISONS (BOP) DIRECTOR,         )
                                   )
        Respondent.                )
                                _____

## O R D E R
                                _____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation, to which objections have been filed (doc. no. 5).

Petitioner commenced this case pursuant to 28 U.S.C. § 2241, requesting that the Court order

his immediate transfer to a Bureau of Prisons ("BOP") facility where he will be able to

participate in the Residential Drug Abuse Program.[1]  (See doc. no. 1, pp. 10, 36.)

The Magistrate Judge recommended that the petition be dismissed for a number of

reasons:  first, and most importantly, the petition fails to challenge the fact or duration of

Petitioner's confinement, and instead improperly concerns the conditions of his confinement;

second, federal prisoners do not possess a constitutional right to be placed in a particular

prison facility with particular amenities; and third, while the sentencing judge may

recommend that a federal prisoner participate in a rehabilitative program, that

_____

[1]Petitioner asserted that he should be transferred to such a facility based on the
recommendation of the judge who sentenced him in the case for which he is currently
incarcerated. (Doc. no. 1, pp. 10, 36.)

decision-making power rests with the BOP, not the sentencing judge. (See generally doc. no. 3.)   The Magistrate Judge additionally noted the Eleventh Circuit's recent denial of a petitioner's attempt to proceed *in forma pauperis* in an appeal where the petitioner asserted nearly identical grounds as Petitioner here; the Eleventh Circuit held that the appeal was frivolous and that the claim was not properly cognizable in a § 2241 petition.[2]  (Id. at 3-4.)

In his objections, Petitioner turns his focus to whether the BOP has violated his rights to equal protection by denying him participation in drug rehabilitation programs.  In his petition, Petitioner noted that he had been denied such participation based on his Public Safety Factor of "Alien" (doc. no. 1, p. 10), and he now argues that it is "aberrantly illegal to use status of deportation to deprive a criminal defendant  of the statutory right of law" (doc. no. 5, p. 3).  Notably, he only briefly addresses the critical factor in the Magistrate Judge's recommendation that his petition be dismissed; namely, that his allegations relate to the conditions, rather than the fact or duration, of his confinement, and therefore do not state cognizable grounds for relief in a § 2241 petition.  As to that factor, Petitioner dismissively – and incorrectly – states that the fact or duration of his confinement "is not the issue in [discussion] and raised here thus it does not require such argumentation." (Doc. no. 5, p. 2.) However, the Court notes that, to the contrary, and as clearly pointed out by the Magistrate Judge, the nature of Petitioner's claims are incontrovertibly at issue and, moreover, of dispositive importance.  In short, Petitioner does not offer any new information or evidence that might warrant a deviation from the Magistrate Judge's finding concerning Petitioner's failure to state cognizable grounds for relief in his § 2241 petition.

Even if Petitioner *had* somehow demonstrated that his allegations were appropriate

---

[2]See Fellove v. Wells, CV 312-002, doc. no. 15 (S.D. Ga. Dec. 5, 2012).

for a petition under § 2241 – which he has not – Petitioner's claims concerning alleged constitutional violations related to his equal protection and due process rights are simply not viable.  Federal prisoners do not possess a liberty interest in their prisoner classification. Moody, 429 U.S. at 88 n.9.  Nor do they possess a liberty interest in institutional programs. Id.; Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998); Canterino v. Wilson, 869 F.2d 948, 952-54 (6th Cir. 1989) (no liberty interest in inmate classification or eligibility for work programs).  Likewise, courts have held that prison officials do not offend equal protection principles by excluding prisoners from such programs because of their security classification. See, e.g., McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999).  In addition, relevant precedent establishes that the BOP may exclude inmates categorically from consideration for early release.  See Lopez v. Davis, 531 U.S. 230, 239-44 (2001) (upholding BOP regulation categorically excluding certain prisoners from early release based on completion of drug treatment programs because of BOP's general discretion under the statute to grant or deny early release).  The BOP may aim such an exclusion at aliens if it has a rational basis for its decision.  See Mathews v. Diaz, 426 U.S. 67, 77-80 (1976).

For the reasons set forth above, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.  Therefore, the instant § 2241 petition is **DENIED**, this civil action shall be **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 28th day of January, 2013, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3